UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BIGGRO$$.COM, INC.,**

        Plaintiff,

vs.                                  **CASE NO.: 8:05-CV-1450-T-17-MSS**

**SALES 360, LLC; and
DOES 1-10, inclusive,**

        Defendants.
_____/

## ORDER

This cause is before the Court on Defendant's, SALES 360, LLC, (Sales 360), Motion to Dismiss for lack of personal jurisdiction (Dkt. 21) and Motion to Strike Portion of the Sean Marra Affidavit. (Dkt. 31). Also before this Court is the Plaintiff's, BIGGRO$$.COM, INC., (BigGro$$), opposition thereto. (Dkt. 26).

## PROCEDURAL BACKGROUND

Plaintiff, BigGro$$, is a Florida marketing company that provides multi-media advertising campaigns for sales events of automobile dealerships. Defendant, Sales 360, is a Louisiana limited liability, marketing, and staffed event company that plans and coordinates short-term advertising and sales campaigns for its dealer clients in Florida and throughout the country. While the existence of an ongoing legal obligation between BigGro$$ and Sales 360 is contested because no formal legal document exists, a business relationship emerged in which essentially BigGro$$ referred potential clients to Sales 360 in return for commission. On August 3, 2005, BigGro$$ filed a multi-count

**CASE NO.: 8:05-CV-1450-T-17-MSS**

complaint against Sales 360 alleging breach of an oral contract with BigGro$$, intentional interference with advantageous business relationships, and misappropriation of trade secrets. (Dkt. 2)

Subsequently, on October 3, 2005, Sales 360 filed a Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 21) and a memorandum in support of its position. (Dkt. 22-1). BigGro$$ consequently filed an Opposition of BigGro$$ to Sales 360's Motion to Dismiss For Lack of Personal Jurisdiction (Dkt. 26), and an Affidavit of Sean Marra, the co-founder, CEO, and Sales Director of BigGro$$, in support of its opposition. (Dkt. 27). On November 7, 2005, while Sales 360's motion to dismiss was pending in this Court, Sales 360 filed a Motion to Strike Portion Of The Sean Marra Affidavit (Dkt. 31) and a Memorandum In Support of Sales 360's Motion To Strike Portions Of The Sean Marra Affidavit (Dkt. 32). In its memorandum, Sales 360 argues that the Marra Affidavit consists of "legal conclusions, irrelevant assertions, and foundationless statements as to which Mr. Marra lacks personal knowledge." (Dkt. 32, p.1). In response, BigGro$$ filed an Opposition to Sales 360's Motion to Strike Portions of the Sean Marra Affidavit. (Dkt. ). BigGro$$ contends that "the statements are all based on personal knowledge, are squarely relevant to the issues presented in the Motion to Dismiss, and constitute admissible evidence under the Federal Rules." (Dkt. , p.19)

**DISCUSSION**

Before the Court addresses Sales 360's Motion to Dismiss for Lack of Personal Jurisdiction, the Court will consider Sales 360's Motion to Strike Portions of the Sean Marra Affidavit.

2

**CASE NO.: 8:05-CV-1450-T-17-MSS**

## MOTION TO STRIKE

## STANDARD OF REVIEW

The Federal Rule of Civil Procedure, 12(f), provides that, upon motion, the court "may order stricken from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). Rule 56(e) of the Federal Rules of Civil Procedure provides that an "affidavit shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to matters stated therein." Fed. R. Civ. P. 56(e). Affidavits must be based on personal knowledge, and, therefore, affidavits based on nothing more than information and beliefs are not sufficient and are subject to a motion to strike. *Story v. Sunshine Foliage World, Inc.*, 120 F. Supp. 2d, 1027, 1030 (M.D. Fla. 2000). Additionally, affidavits that express conclusions of law rather than statements of fact also must be stricken. *Id.*

## ANALYSIS

Sales 360 has moved to strike Paragraphs (¶¶) 4, 7, 9, 10, 11, and 12, as well as the exhibit to the affidavit and submits that it consists of legal conclusions, irrelevant assertions, and foundationless statements as to which the affiant lacks personal knowledge. (Dkt. 32).

Sales 360 specifically contends that the affiant's allegations in ¶4 are not supported by evidence and should be stricken as conclusory. (Dkt. 32). In ¶4, the affiant describes his personal experience of negotiating and entering into an oral contract with BigGro$$ representatives. This Court is capable of recognizing which of the statements are conclusions of law and which are statements of fact based on the affiant's personal knowledge. Thus, this Court denies Sales 360's motion to strike ¶4 and finds that the statements are based on personal knowledge.

**CASE NO.: 8:05-CV-1450-T-17-MSS**

Sales 360 argues that this Court should strike ¶7 and ¶9 for lack of the affiant's personal knowledge. This Court agrees with Sales 360's argument that ¶7 is not based on the affiant's personal knowledge but instead is based on speculation; the affiant has provided no evidence other than pure estimation as to the truth of his statement. Thus, this Court finds that Sales 360's motion to strike ¶7 is granted. On the contrary, this Court finds that the affiant's factual assertions in ¶9 are based on personal knowledge based on the affiant's involvement with Sales 360. The affiant specifically articulated facts to support the assertions such as information regarding Sales 360's Florida employees. Thus, this Court denies Sales 360's motion to strike ¶9 of the affidavit.

Sales 360 argues that ¶10 should be stricken on the grounds that the testimony "has no relevance to Sales 360's motion to dismiss, or to any other issues in this case, and consequently does not constitute "competent evidence." (Dkt. 32). After reviewing the testimony, which consists of the affiant's description of the parties' agreement to enter into a winding down of their business relationship, this Court finds that the evidence is relevant and based on the affiant's personal knowledge as to the phone conversation the affiant had with a Sales 360 representative. The Court also notes that Sales 360's challenge to this testimony is inappropriate. At this procedural juncture, the Court is evaluating a motion to strike and is, thus, primarily concerned with whether the testimony is based on personal knowledge of admissible facts. Because the testimony in ¶10 meets those standards, this Court denies Sales 360's motion to strike ¶10.

Further, Sales 360 argues that ¶11 should be stricken as inadmissible hearsay. (Dkt. 32) Combining the paragraph's last sentence with the first sentence, this Court finds that this is evidence that Sales 360 representatives contacted BigGro$$ customers, not evidence of the truth of what Sales 360 representatives told the BigGro$$ customers. Thus, because this evidence is not being used for the truth of the matter asserted, the evidence is not inadmissible hearsay. This Court finds, therefore, that Sales 360's motion to strike ¶11 is denied.

CASE NO.: 8:05-CV-1450-T-17-MSS

Finally, Sales 360 argues that the testimony in ¶12 is irrelevant because it does not tend to prove any wrongful conduct on the part of Sales 360. (Dkt. 32). This Court disagrees with Sales 360 and finds that the affiant's testimony indicating that BigGro$$ received a letter from a Sales 360 representative terminating its oral contract with BigGro$$ is based on the affiant's personal knowledge and admissible. Again, this Court reiterates that at this procedural juncture the Court is only considering the motion to strike and not evaluating the proffered evidence to reach conclusions as to whether wrongful conduct or personal jurisdiction was established. Therefore, this Court denies Sales 360's motion to strike ¶12.

In summary, this Court denies Sales 360's motion to strike ¶¶ 4, 9, 10, 11, and 12, but grants Sales 360's motion to strike ¶ 7.

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

After resolving Sales 360's motion to strike, this Court must determine whether BigGross' complaint (Dkt. 2) sufficiently alleges personal jurisdiction over Sales 360.

### A. STANDARD OF REVIEW

A federal district court sitting in diversity may exercise personal jurisdiction to the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution. Thus, in determining whether in personam jurisdiction lies over a foreign defendant, this Court must determine: (1) whether there has been compliance with both Florida' s long-arm statute, § 48.193, and (2) whether the constitutional requirement of minimum contacts exist to satisfy the due process requirements of the Fourteenth Amendment so that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Structural Panels, Inc. v. Texas Aluminum Ind., Inc.*, 814 F. Supp 1058, 1064 (M.D.Fla. 1993).

The plaintiff, BigGro$$, has the burden of establishing a prima facie case of personal jurisdiction over the nonresident defendant, Sales 360, and this can be established if BigGross presents enough evidence to withstand a directed verdict. *See*

**CASE NO.: 8:05-CV-1450-T-17-MSS**

*Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1998); *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff. *See id.*

The Court must now consider the first element of the question, Florida's Long-Arm Statute provides, which provides, in pertinent part:

> Any person, whether or not a citizen or resident of this state, who personally, or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
> (a)   Operating, conducting, or engaging in, or carrying on a business or business venture in state or having an office or agency in this state…

### B. ANALYSIS

### Florida Statute § 48.193(1)(a)- Operating a Business

"In order to establish that a defendant is "carrying on a business" for the purposes of § 48.193(1)(a), the activities of Sales 360 must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (per curiam). Based on the general language of the statute and the case law interpreting this language, this Court finds that Sales 360 was "carrying on a business" in Florida.

Sales 360 and BigGro$$ representatives were in contact with each other personally and via telephone and email on a frequent basis from the Spring of 2002 through the Winter of 2005 and Sales 360 representatives made telephonic and electronic communications from offices in Louisiana to BigGro$$ offices in Florida throughout that time period. Additionally, BigGro$$ alleges, and Sales 360 does not deny, that Sales 360 employees traveled to Florida for training purposes and that the CEO, Mr. Burst, traveled to Florida to negotiate contractual relations with BigGro$$. On that same note, BigGro$$ presented evidence to this Court that Sales 360 was "utilizing BigGro$$ employees

**CASE NO.: 8:05-CV-1450-T-17-MSS**

located in Florida to provide sales, marketing, and production work for Sales 360." Because Sales 360 has provided this Court with no evidence to the contrary, it appears as though Sales 360 has availed itself of the BigGro$$ employees and BigGro$$ resources in the State of Florida.

Sales 360 maintains that because it does not have an office in Florida, is not licensed to do business in Florida, and has no agent for service of process in Florida (Dkt. 22-1), it does not have sufficient contacts with Florida to establish jurisdiction. Big Gro$$ contends, however, that through Sales 360's extensive daily use of BigGro$$ office personnel, Sales 360 had a "de facto office" in Florida and availed itself not only of Florida employees, but the planning, training, and business meetings that were all conducted in this State. This Court agrees with BigGro$$ and finds that Sales 360's actions were sufficient to constitute "operating, conducting, or engaging in business in this state…" so as to make it amenable to suit brought in the courts of this state.

In this motion, the Court is called upon to consider the reach of the Florida Long-Arm statute, Fla. Stat. § 48.193. Based on our review of the complaint and supporting materials submitted by the parties, we have concluded that BigGro$$ alleged sufficient facts to sustain the exercise of jurisdiction. Because this Court has found jurisdiction under Fla. Stat. § 48.193(a), there is no need to consider the other arguments Sales 360 set forth in regards to additional sections of the Florida Long-Arm statue. Since, this Court finds jurisdiction under the Long-Arm statute, next it must consider whether the assertion of jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment.

### C. DUE PROCESS ANALYSIS

The Fourteenth Amendment's due process clause requires that in order to subject a non-resident defendant to personal jurisdiction, the defendant must have certain minimum contacts with it such that the maintenance of the suit does not offend the "traditional notions of fair play and substantial justice." *International Shoe Co. v.*

**CASE NO.: 8:05-CV-1450-T-17-MSS**

*Washington*, 326 U.S. 310, 316 (1945). In *International Shoe*, the Court noted that the "criteria by which we mark the boundary line between those activities which justify the subjection of a corporation to suit, and those which do not, cannot be simply mechanical or quantitative." *Id.* at 319. The Court went on to identify that if a corporation exercises the privileges of conducting business in a state, then it enjoys the benefit and protection of the state's laws. *Id.* Needless to say, the Court explained that conducting business in a state may give rise to certain obligations to that state (if they are connected to the activities the corporation performs in that state), and thus one of those obligations is the responsibility of responding to a lawsuit in that state. *Id.*

Applying these standards, the activities carried on in behalf of BigGro$$ in the State of Florida were neither irregular nor casual. They were systematic and continuous throughout the years in question and resulted in a significant amount of transactions. The obligation which is here sued upon arose out of those activities.

The Eleventh Circuit employs a three-prong test to determine whether a defendant has established sufficient contacts with the forum state to comply with the Fourteenth Amendment's due process requirement: (1) the contacts must be related to the plaintiff's cause of action; (2) they must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the state; and (3) the defendant's contacts with the state must be such that the defendant should reasonably anticipate being haled into court there. *Kim v. Keenan*, F. Supp. 2d 1228, 1235 (M.D.Fla.1999) (citing *Posner v. Essex Insurance Company*, 178 F.3d 1209, 1220 (11th Cir.1999)). In the instant case, Sales 360's alleged contacts with the State of Florida relating to BigGro$$'s cause of action can be considered "purposefully directed" to Florida such that it would reasonably anticipate being haled into court there. BigGro$$ alleges, and Sales 360 does not refute, that Sales 360 representative flew to the BigGro$$ headquarters in Florida and conducted meetings there to negotiate the terms of their oral contract. (Dkt. 26). In addition, Sales 360 purposefully directed itself toward the State of Florida through its extensive daily interactions with BigGro$$. (Dkt. 26). Therefore, this Court finds that Sales 360 did have the sufficient minimum contacts with Florida to

**CASE NO.: 8:05-CV-1450-T-17-MSS**

support a finding of compliance with the Fourteenth Amendment's due process requirement.

Lastly, this Court must determine whether the exercise of personal jurisdiction over Sales 360 would offend "traditional notions of fair play and substantial justice." In making its determination, this Court shall consider such factors as the "burden on the Defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief." *Kim*, 71 F. Supp. 2d at 1236 (quoting *World-Wide Volkswagon Corp. W. Woodson*, 444 U.S. 286, 292 (1980)). Importantly, in *McGee v. International Life Ins. Co.*, 355 U.S. 220, 222-23 (1957), the Court noted that the limits imposed on state jurisdiction by the Due Process Clause have been substantially relaxed over the years. The *McGee* Court emphasized the transformations in the American economy such as modern transportation and communication, that make it "much less burdensome for a party sued to defend himself in a State where he engages in economic activity." *Id.* In *World-Wide Volkswagon Corp.*, however, the Court suggested that the 'reasonableness' of asserting jurisdiction over the defendant must be assessed in the context of our federal system of government and stressed that the Due Process Clause ensures not only fairness, but also "the orderly administration of the laws." 444 U.S. 286, 294-95 (quoting *International Shoe Co. v. Washington*, 326 U.S., 310, 317-319 (1945)).

Applying these principles to the case at hand, BigGro$$'s interests in obtaining relief are obvious, and this Court finds in the record before it that no significant hardships would result from exercising personal jurisdiction over Sales 360. Yes, Sales 360 would have the expense of traveling to Florida to defend this lawsuit, however, Sales 360 has traveled to Florida on previous occasions to negotiate business and administer training. Therefore, this Court notes that requiring Sales 360 to defends itself in Florida would be no more burdensome to it than Sales 360's prior actions in which it purposefully availed itself of BigGro$$'s status as a Florida incorporated entity. This Court notes that the record contains no evidence concerning Sales 360's hardships of defending this lawsuit in Florida; for example, there has been no argument regarding witness proximity, documents/evidence location, etc. As such, this Court finds that the interests of justice do

**CASE NO.: 8:05-CV-1450-T-17-MSS**

not preclude this court from asserting personal jurisdiction over Sales 360. Accordingly, it is

**ORDERED** that the Defendant's Motion to Strike Portions of the Sean Marra Affidavit (Dkt. 31) be **GRANTED** in part and **DENIED** in part and that the Defendant's Motion to Dismiss For Lack of Personal Jurisdiction be **DENIED**. The defendant shall have ten (10) days from this date to answer the complaint.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 6th day of March 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.